# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1675V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MARSHA HAMMER, *as Executor of* | * | Chief Special Master Corcoran |
| The Estate of GEORGE HAMMER, | * | |
| | * | |
| Petitioner, | * | Filed:  August 9, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Nathan Williams*, Bahe Cook Cantley & Nefzger, PLC, Louisville, KY, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING MOTION FOR
### INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 29, 2019, George Hammer filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 12, 2017. Petition (ECF No. 1) at 1. Following Mr. Hammer's death, Marsha Hammer was substituted as Petitioner on February 19, 2021. ECF No. 21.

---

[1] Under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees. Motion, dated June 3, 2023 (ECF No. 41) ("Interim Fees Mot."). It is the first fees request in this case,[3] and is occasioned by counsel's wish to withdraw from representation of Petitioner. *See* ECF No. 36. Petitioner requests a total of $10,883.80 in attorney and paralegal fees, for the work of her attorney, Mr. Nathan Williams, plus a paralegal from December 2019 to December 2022. Interim Fees. Mot. at 6–8. Respondent reacted to the interim fees request on July 19, 2023. *See* Response, dated July 19, 2023 (ECF NO. 43) ("Resp."). Respondent argues that Petitioner has not established a reasonable basis for her claim, but otherwise respectfully recommends that I exercise my discretion in determining the amount to be awarded should I find that the reasonable basis and interim fee award standards have been met. Resp. at 4–6. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees in the total amount of **$10,883.80**.

## ANALYSIS

I.  **Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending, like this one, must also be evaluated for reasonable basis, because the claim's success remains to be determined.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they

---

[3] Petitioner was represented by a different attorney through the end of 2019, but present counsel substituted into the case in January 2020, and prior counsel has not requested fees.

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim awards, special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). An attorney's withdrawal from a case has been deemed an appropriate circumstance for an interim award (deemed "interim" precisely because the case is still pending, even if present counsel will not be going forward with it).

Although Respondent has suggested that the claim possibly lacks reasonable basis, I do not (based on the record as it presently stands) consider that objection to be grounds for denying fees. As I noted in a March 2023 Order (ECF No. 35), there was a fact dispute pertaining to whether the injury experienced was GBS or a different peripheral neuropathy—chronic inflammatory demyelinating polyradiculopathy ("CIDP"). Although a finding that CIDP was the more likely injury would preclude a Table claim, it is an injury nonetheless that is often litigated as a causation-in-fact claim. And a preliminary view of the record does suggest CIDP is the more likely injury at issue. Thus, there is objective evidence supporting the claim. And I have often noted that counsel's withdrawal from a case is a proper occasion for an interim fees award. Accordingly, I will permit one here as well.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his previous and current attorneys, based on the years work was performed:

4

|  | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|
| **Nathan Williams (Attorney)** | $355.00 | $360.00 | $375.00 | $386.00 |
| **Emily Gribbins (Paralegal)** | -- | $141.00 | $150.00 | $155.00 |

ECF No. 41-3 at 6–10.

Mr. Williams does not have an established rate in the Program. In his affidavit, Mr. Williams states that he received his Juris Doctorate degree in 2007, and had as of 2020 "been practicing as an attorney for 13 years." ECF No. 41-4 at 1. He indicated that he based his requested rates on the OSM Fee Schedule,[6] deeming the forum hourly rates are "consistent with [his] practices and reflect[] the nature and complexity of the work being performed." *Id.* at 2.

Mr. Williams practices in Louisville, Kentucky—a jurisdiction that has previously been determined by other special masters that forum rates were appropriate for attorneys. *See Wheatley v. Sec'y of Health & Hum. Servs.*, No. 17-0697V, 2019 WL 4911065, at *2–3 (Fed. Cl. Spec. Mstr. Nov. 16, 2019); *Cox v. Sec'y of Health & Hum. Servs.*, No. 18-1531V, 2022 WL 4115563 (Fed. Cl. Spec. Mstr. July 27, 2022). In addition, Mr. Williams's requested rates are consistent with the OSM Fee Schedule and are commensurate with his experience. I thus find no cause to reduce them in this instance. The same is true for the requested paralegal rate. And I will award all attorney time devoted to the matter as requested.

### III.   Attorney's Costs

Petitioner did not provide any substantiated documentation related to costs, but maintains that she has not personally incurred any costs or expenses associated with the filing and prosecution of this claim. Mot. at 1. Therefore, no costs award will be included in my determination.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Interim Motion for Attorney's Fees and Costs, and award a total of $**10,883.80** for attorney's fees, in the form of a check made jointly payable to Petitioner and her attorney, Mr. Nathan Williams. In the absence of a motion for review

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 9, 2023).

filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.